In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for Opening and Widening 102nd (Astoria-Old Road) Street and 110th (Colonial Avenue) Street, in the Borough of Queens.

Supreme Court, Special Term, Queens County, June 3, 1943.

*Robert H. Schaffer, Acting Corporation Counsel* (*Ten Broeck S. Imlay* and *George Newman* of counsel), for City of New York.

*Nathan L. Goldstein* for claimants.

LOCKWOOD, J. This proceeding was originally authorized by resolution of the Board of Estimate and Apportionment,

adopted on December 6, 1928, fixing the entire cost and expense on the local area of assessment. The lines of the proceeding were changed by amendment on November 4, 1932, pursuant to the resolution of the then Board of Estimate and Appor- tionment. Maps and surveys were prepared by the Office of the Borough President of Queens to conform with the original layout and also the amendment, and charges were incurred by both the Borough President's Office and the Law Depart- ment.

Section 302 of the new Charter of the City of New York, effective on January 1, 1938, provides that expenses of the borough president shall be assessed upon the borough and the expenses of any other agency shall be paid by the City.

Certain prospective assessees whose land is acquired con- tend that the new Charter provisions with reference to the distribution of the cost and expense are applicable to this pro- ceeding, and that these costs should not be included in the prospective assessment for benefit on the local area.

The City asserts that inasmuch as the proceeding was author- ized and the lines were changed prior to the adoption of the new provisions of the Charter, the costs and expenses of the Borough President and the Law Department must be included in the proposed tentative assessment for benefit herein.

The whole procedure for assessable improvements after January 1, 1938, is provided for in sections 291 to 320 inclusive of the Charter. There is no mention that the procedure therein outlined as to the apportionments of the costs as set forth in these sections refers to proceedings which were authorized before the new Charter took effect.

The costs and expenses herein will be included in the tenta- tive assessments for benefit pursuant to the provisions of the old Charter (L. 1906, ch. 466, as amd.) in force at the time the proceeding was originally authorized on December 6, 1928. (*Matter of City of New York* [*Siegfried Place*], N. Y. L. J. April 15, 1939, p. 1733, col. 3; *Matter of City of New York* [*East 100th and 101st Sts.*], N. Y. L. J. March 25, 1939, p. 1377, col. 7.)

The prospective claimant assessees also claim that the charges of both the Borough President and the Law Department up to date and before the preparation of the tentative decree, including the awards and assessments, are out of proportion to the work actually done. The court is of the opinion that the relief sought by the claimant assessees lies with the Board of Estimate rather than with this court and refers them to it.

If the matter is not disposed of by the Board until the hearings on objections it may then be presented.

RECAPITULATION

| | |
|---|---|
| City's Figures | $42,758.00 |
| Claimants' Figures | 51,206.50 |
| Awards | 43,022.00 |

Prepare tentative decree accordingly.